**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL SCANTLIN; ORA SCANTLIN, | No.   15-55104 |
| Plaintiffs-Appellants, | D.C. No. 5:10-cv-00333-VAP-OP |
| v. | |
| GENERAL ELECTRIC COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| ESSCO WHOLESALE ELECTRIC, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted November 7, 2016
Pasadena, California

Before:  O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants Michael and Ora Scantlin appeal the district court's grant of summary judgment in favor of Appellee General Electric Company (GE). Michael Scantlin (Scantlin) contends that the district court erred in holding that he was required to present expert testimony to support his claim pursuant to California's consumer expectations test for design defects. Scantlin asserts that lay testimony was sufficient to demonstrate reasonable consumer expectations of an ordinary user navigating the barrier inside an industrial switchboard. Scantlin also maintains that the district court abused its discretion in denying his motion to amend the final pretrial conference order to permit Scantlin to proceed to trial on a different theory of design defect based on a risk-benefit test.

1. The district court properly applied California law in holding that Scantlin was required to present expert testimony to support his consumer expectations theory of design defect. The workings of the industrial switchboard and its internal barrier were "sufficiently beyond common experience that the opinion of an expert [was] required." *Campbell v. Gen. Motors Corp.*, 32 Cal. 3d 112, 124 (1982) (citations and alteration omitted); *see also Lunghi v. Clark Equip. Co., Inc.*, 153 Cal. App. 3d 485, 496 (1984) (rejecting the plaintiffs' proffered jury instruction premised on lay testimony rather than expert opinion in support of consumer expectations test). In sum, lay testimony from Scantlin, his supervisor,

and a human factors witness was insufficient to demonstrate the reasonable expectations of an *electrician*[1] concerning the barrier's protections when performing work inside a partially electrified switchboard. *See Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 567 n.4 (1994) (observing that "if the expectations of the product's limited group of ordinary consumers are beyond the lay experience common to all jurors, expert testimony on the limited subject of what the product's actual consumers *do expect* may be proper") (citation omitted) (emphasis in the original).

    **2.**    The district court did not abuse its discretion in denying Scantlin's motion to amend the final pretrial conference order. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (articulating that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order will not be disturbed unless they evidence a clear abuse of discretion") (citations, alteration, and internal quotation marks omitted). Scantlin conceded that he strategically relied on the consumer expectations test in order to exclude evidence favorable to GE, and shifted his theory of liability only after the district court

---

[1] In his opposition to summary judgment, Scantlin acknowledged that this "is a case about whether an *electrician* would reasonably expect to be safe working inside a switchboard with a barrier wall near energized busbars."

3

indicated that expert testimony was required for the consumer expectations test. Although GE alerted Scantlin to the need for expert testimony, Scantlin faulted GE for attempting to "dictate plaintiffs' theory of design defect" and insisted that he was exclusively relying on the consumer expectations test. The district court did not abuse its discretion in denying amendment to the pretrial order based on Scantlin's last-minute shift in trial strategy and ensuing prejudice to GE. *See Eagle v. Am. Tel. & Telegraph Co.*, 769 F.2d 541, 548 (9th Cir. 1985) (holding that "[t]he district court did not abuse its discretion by enforcing the pretrial order" because "[i]t would be unfair to the defendant to permit the plaintiff to change strategies at [a] late stage of litigation"); *see also Hunt v. Cnty. of Orange*, 672 F.3d 606, 616-17 (9th Cir. 2012) (same).

**AFFIRMED.**